IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEMARS CROWELL, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:11-CV-87 (CAR) |
| OFFICER MCCRAY, | : | |
| | : | Proceeding Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |

### RECOMMENDATION

Before the Court is Defendant Hurbert McCray's Motion to Dismiss. Doc. 18. Because Plaintiff Demars Crowell failed to exhaust his administrative remedies, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.

### FACTUAL AND PROCEDURAL HISTORY

On February 18, 2011, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant used excessive force against Plaintiff in violation of Plaintiff's Eighth Amendment rights. Doc. 1. According to the Complaint, Defendant handcuffed Plaintiff behind his back and bashed Plaintiff's face into the wall while Plaintiff was in the chow line at Georgia Diagnostic and Classification Prison (GDCP) in February 2010. Id. Plaintiff contends that he suffered a swollen face and impaired vision as a result of the alleged assault. Id. Plaintiff seeks monetary damages for loss of vision and pain and suffering as a result of his injuries. Doc. 13.

### DISCUSSION

Defendant's Motion to Dismiss argues that Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint. Because Plaintiff did not file a grievance regarding Defendant's alleged use of excessive force and because Defendant has shown that grievance

1

forms were available at GCDP for Plaintiff's use, Plaintiff failed to exhaust his administrative remedies.

The Prison Litigation Reform Act (PLRA) mandates that an incarcerated plaintiff must exhaust all of his available administrative remedies before bringing any action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). The Eleventh Circuit has made it clear that the exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies. Harper, 179 F.3d at 1312.

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, the review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. Id. at 1082. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the compliant is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

Accepting the factual allegations Plaintiff's Complaint as well as his response to the instant Motion to Dismiss as true, the Complaint cannot be dismissed for failure to exhaust administrative remedies at the first step of the Turner analysis. Although Plaintiff admits in his Complaint that he never filed a grievance regarding Defendant's alleged use of excessive force, Plaintiff states in his response that he requested a grievance form right after the incident but never received a form. Plaintiff also states in his response that that he was transferred "right after" the incident. Doc. 20. Under a liberal construction of the pleadings, Plaintiff appears to assert that he was denied access to available administrative remedies.

This case must therefore be resolved at the second stage of the Turner analysis. In support of his motion, Defendant submitted the affidavit of Gary Caldwell, Chief Counselor and Interim Grievance Coordinator at GDCP. Caldwell Aff. (Doc. 18-2). Defendant also attached a copy of the Georgia Department of Corrections Standard Operating Procedures to Caldwell's affidavit. Exhibit A (Doc. 18-3). Caldwell's affidavit and the GDOC SOP provide a detailed three-step grievance procedure that must be followed by inmates. Caldwell's affidavit also indicates that all inmates at the MPDC receive orientation on GDOC's grievance process. Caldwell states that grievance forms are available to inmates at the control rooms of all living units, including units housing mental health inmates, and that any inmate may also request grievance forms from his counselor. Caldwell states that Plaintiff never filed a grievance while at GDCP, which is supported by Plaintiff's grievance history (Doc. 18-4). Plaintiff's grievance history indicates that Plaintiff did not file a grievance until September 2010. Doc. 18-4. That grievance involved medical issues at Men's State Prison. Id.

Defendant has met his burden of showing that Plaintiff had administrative remedies available but failed to pursue them. Plaintiff's conclusory assertion that he was denied a

grievance form lacks credibility based on a lack of factual support, and the assertion is contradicted by Plaintiff's other pleadings. Plaintiff does not attempt to describe who denied his request for a grievance form or provide any detail surrounding his attempts to obtain a grievance form. Additionally, Plaintiff makes no mention of being denied a grievance form in his Complaint or subsequent pleadings prior to his response to the instant Motion to Dismiss.[1]

Plaintiff filed his Compliant on the standard form for Section 1983 complaints provided by the Court. In response to the question asking if Plaintiff presented his complaint to the institution as a grievance, Plaintiff checked the box indicating that he did not do so. When asked to explain why not, Plaintiff answered, "n/a." Doc. 1. When asked if he had done anything to bring his complaints to a prison official, Plaintiff stated that he spoke with medical staff at Men's State Prison and an official at Coffee Correctional Facility. Id. Neither Plaintiff's Complaint nor his Supplement to Complaint (Doc. 13) makes any mention of attempting to file a grievance at GDCP. Because Defendant has shown that Plaintiff had multiple means to obtain a grievance form at GDCP and because Plaintiff has failed to allege any specific efforts to obtain a form, Defendant has shown that Plaintiff failed to exhaust his administrative remedies.

Plaintiff has also failed to show that his transfer from GDCP prevented him from filing a grievance. It appears from Plaintiff's affidavit attached to his Complaint that he was transferred from GDCP five days after the alleged incident. Doc. 1-1. Plaintiff could have made further attempts to file a grievance within those five days. Additionally, Plaintiff could have filed a grievance once he was transferred to another prison. See Bryant v. Rich, 530 F.3d 1368, 1379 (11th Cir. 2008); Smith v. Le Blanc, 2011 WL 854809 (M.D.Ga. 2011); Chatham v. Adcock, 2007 WL 2904117 (N.D.Ga. 2007) (dismissing plaintiff's claim for failure to exhaust

---

[1] The Court also notes that Plaintiff's response was not submitted as a sworn affidavit under penalty of perjury.

administrative remedies, stating "[a]t a minimum, Plaintiff might have attempted to pursue those remedies after his transfer…."). In this case, Plaintiff has failed to bring forth any evidence to show that he was prevented from filing a grievance once he was transferred from GDCP. Because Defendant has shown that Plaintiff had sufficient means to obtain a grievance form and file a grievance, and because Plaintiff has failed to sufficiently show that he was denied access to the administrative grievance process, Plaintiff's claim must be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies regarding Defendant's alleged use of excessive force at GDCP, it is hereby **RECOMMENDED** that Plaintiff's claim be **DISMISSED** without prejudice. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of November, 2012.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge